United States District Court
Southern District of Texas

**ENTERED**

May 28, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUAN ANTONIO PADILLO TORREZ,<br>       Petitioner, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-03799 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| GRANT MASON DICKEY,<br>*et al*,<br>       Respondents. | §<br>§<br>§ | |

**ORDER ON DISMISSAL**

Petitioner Juan Antonio Padillo Torrez filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 12, 2026. Dkt 1-1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates constitutional guarantees of due process and equal protection. Id at 4–13.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2–3. It further contends that each of Petitioner's claims fail on the merits. Id at 4–12.

Petitioner on reply reasserts his claims with respect to due process and equal protection, while also suggesting that his individual circumstances and background distinguish his case from prior decisions. See Dkt 6 at 4–6, 7–9.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to

lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in *Demore v Kim*, 538 US 510 (2003) is not controlling authority under the *Marks* rule.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Factual contentions in Petitioner's reply brief don't meaningfully distinguish his case or avoid the otherwise clearly applicable mandate of §1225(b). See Dkt 6 at 4–6, 7–9. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

Of note, Petitioner also seeks to distinguish *Llanes Carnesolta* by changing his equal protection claim to one somehow based on contention against *identical* treatment of individuals arrested in the interior and at the border. See Dkt 6 at 9–10. That is expressly *not* the claim advanced in the petition, which argued against *differential* treatment between those detained under §1225(b) and §1226(a). See Dkt 1-1 at ¶¶44–52. But even on its own terms, the new argument doesn't appear to make sense. No equal protection concern arises to the extent that individuals are being treated identically. And to the extent that certain categories of individuals aren't treated identically, the Government's explanation provides ready answer— §1225(b)(2)(A) pertains to detainees who entered without inspection, and §1226(a) pertains to those who overstayed visas.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Juan Antonio Padillo Torrez is DENIED. Dkt 1-1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 27, 2026__ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

4